Exhibit F

**GARFUNKEL WILD, P.C.**

ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

MICHAEL J. KEANE, JR.
Partner
Licensed in NY, NJ, CT
Email: mjkeane@garfunkelwild.com
Direct Dial: (516) 393-2538

FILE NO.:    90496.1002

January 16, 2025

**By E-Mail (Michael@FahnerLaw.com )**

Michael Fahner
Fahner Law, PLLC

Re:    Biscuit and Tangs, LLC – Offer to Buy or Sell

Dear Michael:

We represent Jonathan Schnapp in connection with his interest in Biscuit and Tangs, LLC. We have reviewed your email dated January 11, 2024 regarding Ms. Albert's response to Mr. Schnapp's Offer to Sell or Purchase.  As you are no doubt aware, Ms. Albert's purported acceptance of Mr. Schnapp's Offer to Sell or Purchase is defective for several reasons.

First, Ms. Albert failed to deliver the required non-refundable deposit of ten percent (10%) of the purchase price.  Second, by adding numerous contingencies (such as financing, due diligence, and seller conditions) and making the deposit refundable, the offer is not an unequivocal acceptance of the terms outlined in the Operating Agreement of Biscuit and Tangs, LLC, dated January 5, 2016 (the "Operating Agreement").  As a result, and in accordance with Section 6.5(c) of the Operating Agreement, Ms. Albert's failure to accept before the offer lapsed on January 13, 2024 is now deemed an election by Ms. Albert to sell her interest in Biscuit and Tangs to Mr. Schnapp.  Mr. Schnapp intends to proceed with the closing of the sale on or before March 14, 2025.

Section 6.5(a) of the Operating Agreement provides that either party may make "an offer to sell Offeror's total Interest for the amount set forth pursuant to Paragraph 6.5(b); and such offer shall be coupled with an offer to purchase Offeree's total Interests for such amount (collectively, an 'Offer to Sell or Purchase')." Section 6.5(c) further provides that "the Offeree shall respond in writing to the Offer to Sell or Purchase within said thirty (30) day period (the 'Offer Period') by accepting one of the offers (the 'Response')." In order to accept the offer to purchase, the Offeree is required to "deliver with such Response immediately available funds equal to ten percent (10%) of the purchase price as a non-refundable deposit (the 'Deposit')." *See id.*  Additionally, in order to validly accept the offer to purchase, the Offeree must accept the material terms of the offer as

---

**NEW YORK        NEW JERSEY        CONNECTICUT        FLORIDA        WASHINGTON, D.C.**

4923-7775-2080v.2

Michael Fahner
January 16, 2025
Page 2

they are set forth in the Operating Agreement.  If the Offeree fails to make an election to purchase or sell their interest within thirty days of the Offer to Sell or Purchase, the "Offeree shall be deemed to have elected to sell its Interest in the Company to the Offeror." *See* Section 6.5(c).

Here, Mr. Schnapp made the Offer to Sell or Purchase on December 14, 2024.  Ms. Albert was required to make her election concerning the offer by January 13, 2024.  On January 11, 2025, Ms. Albert, through your office, forwarded an Acquisition Agreement containing the "terms that are acceptable" to Ms. Albert.[1]  This response does not constitute a valid acceptance of Mr. Schnapp's Offer to Sell or Purchase because it fails to comply with the material terms outlined in the Operating Agreement.  For example, Ms. Albert did not submit the required non-refundable deposit to Mr. Schnapp as mandated by the Operating Agreement.  Instead, Ms. Albert proposed that the deposit would be refundable if the sale did not close.  Furthermore, the purported acceptance was contingent on certain requirements that were not part of the Offer to Purchase and Sell.  Among other flaws, the altered material terms included making the acceptance contingent on conducting due diligence and obtaining financing acceptable to Ms. Albert.  It is black letter law that a purported acceptance that contains contingencies is not an acceptance.  *See Willis v. Ronan*, 218 A.D.2d 794, 795, 631 N.Y.S.2d 50, 51 (2d Dep't 1995) (if a response to an offer is "qualified with conditions it is equivalent to a rejection and counteroffer.")

Accordingly, because Ms. Albert did not correctly respond and/or unequivocally accept the Offer to Sell or Purchase, Mr. Schnapp's right to purchase Ms. Albert's shares in Biscuit and Tangs has been triggered.  *See* Section 6.5(c).  As such, the transaction will be closed on March 14, 2025, which is sixty (60) days from the lapse of the Offer Period.

Please let us know when you are available to discuss this matter further and work out the details for closing of the sale.  Please also note that we view your client in breach of the Operating Agreement, and therefore send this letter without prejudice and under a full reservation of our client's rights arising from those breaches.

Very truly yours,

*/s/ Michael J. Keane, Jr.*

Michael J. Keane, Jr.

---

[1]     Since your client did not deliver a valid acceptance, we are not commenting on the counteroffer other than to say it is wholly inappropriate since it is structured as an agreement for a third-party to buy unknown assets, not the member to member sale envisioned by the Operating Agreement.

**GARFUNKEL WILD, P.C.**

Michael Fahner
January 16, 2025
Page 3

MJK:pb

cc:     Jonathan Schnapp
        Michael J. Keane, Esq.

**GARFUNKEL WILD, P.C.**