# Exhibit I

# THE SCHNAPP FAMILY BUSINESS TRUST

THIS IS THE SCHNAPP FAMILY BUSINESS TRUST (this "Trust Agreement") dated ___February 18, 2025___, between LAC Services I, Inc. (the "Grantor") and Grantor as Trustee (the "Trustees").

WHEREAS, the Grantor desires to create a business trust ("Trust") and the Trustees are willing to accept the trust hereby created and hold the property for the benefit of the beneficiaries set forth on Exhibit A.

WHEREAS, the business Trust is created for the purposes of acquiring certain assets currently owned by Jonathan Schnapp pursuant to the terms of a purchase and sale agreement.

NOW, THEREFORE, the Trustees agree to hold, manage and distribute its property under the terms of this Trust Agreement.

## ARTICLE I
## Trust Name

This Trust Agreement and the trusts hereunder may be referred to as THE SCHNAPP FAMILY BUSINESS TRUST.

## ARTICLE II
## GENERAL PROVISIONS

A. **Business.** The Trust is formed as a business trust and may execute contracts and all types and kinds of instruments, conduct business, acquire and convey real and personal property, and sue and be sued. The Trust's business may be conducted under the name of the Trust or any other name or names selected by the Trustee.

B. **Principal Office.** The principal office of the Trust shall be at 750 Hammond Dr, Bldg 5-100, Atlanta, GA 30328, or such other place as may be from time to time designated by the Trustee. The Trustee may establish branch offices or places of business it determines to be in the best interest of the Trust.

C. **Contributions.** Concurrently with the execution of this business Trust, the Grantor may contribute property to this Trust.

D. **Trust Agreement.** The Trustee hereby declares that all property, income, and profit now held or acquired after the effective date of this Trust shall be controlled by the Trustee for the benefit of such person as may from time to time be owners of certificates of shares having beneficial interests (hereinafter "Shareholder") in this Trust, in a way which is set forth in this Agreement and any amendments to this Trust. It is the intention of the parties hereto that the Trust be a business Trust and not be known otherwise. The Trust is not intended to be, shall not be deemed to be, and shall not be treated as, a general partnership, limited partnership, joint venture, joint stock company, or any entity whatsoever.

  E. **Title.** Title to all assets of the Trust shall be vested in the Trust until the Trust dissolves. However, if the laws of any jurisdiction require that title to any part of the assets of the Trust be vested in a trustee of the Trust, then title to that portion of the assets of the Trust shall be vested in the Trustee only to the extent required, but the beneficial interest with respect to such assets shall remain in the Trust. If the trust becomes the owner of a commercial annuity, this trust shall be deemed to own such annuity merely as an agent for the Shareholder pursuant to Code Sec. 72(u).

  F. **Limited Liability.** The Grantor and any Shareholders shall be entitled to the same limitation of personal liability extended to stockholders of private corporations under O.C.G.A. § 14-2-101 *et. seq*. Shareholders shall not be liable for any assessment, and the Trustee shall have no power to bind the Shareholders personally. No amendment shall be made to this declaration increasing the liability of the Shareholders without the written consent of all the Shareholders impacted by such amendment. Every obligation entered into by the Trustee shall have in writing a stipulation which holds the Shareholders not liable for any debt, demand, or liability incurred in connection with this Trust Agreement. However, failure of the stipulation to appear does not render any Shareholder personally liable.

## ARTICLE III
## Trustees

  A. **Appointment of Initial Trustee.** The Grantor appoints LAC Services I, Inc. to serve as the initial Trustee hereunder.

  B. **Successor Trustee.** Grantor may appoint a successor Trustee at any time.

## ARTICLE IV
## Governing Law

  The interpretation and operation of the trust shall be governed by the laws of the State of Georgia. The Trustees may, without prior authority from any court, exercise all powers conferred on the Trustees by this Trust Agreement or by common law or by any fiduciary powers act or other statute of the State of Georgia or any other jurisdiction whose law applies to the trust, including without limitation, all powers contained in O.C.G.A. § 53-12-261 of the Revised Georgia Trust Code of 2010, which are hereby incorporated into this Trust Agreement. The Trustees shall have the sole and absolute discretion in exercising these powers. Except as specifically limited by this Trust Agreement, these powers shall extend to all property held by the Trustees until actual distribution of the property. In order to fully effectuate the powers of the Trustees, specific reference is now made to all powers contained in O.C.G.A. § 53-12-261 of the Revised Georgia Trust Code of 2010. The powers of the Trustees shall include the following:

  A. **General Provisions.**
    1. The management of the Trust shall be vested in the Trustee.
    2. To the extent not prohibited by applicable law, any Trustee may resign at any time, whether or not a successor has been appointed. Such resignation shall be by written instrument executed by the resigning Trustee and delivered to any other fiduciary acting hereunder.

If no other fiduciary is then acting hereunder, any instrument by which a Trustee is resigning shall be delivered to the Beneficiary.

        3.    The Trustee shall have the power by itself on behalf and in the name of the Trust to carry out any and all of the objects and purposes of the Trust, and to perform all acts and enter into and perform all contracts and other undertakings which it may deem necessary, advisable, convenient or incidental thereto.

    B.    **Security Interests.**  The Trustees may grant security interests and execute all instruments creating such interests upon such terms as the Trustees may deem advisable.

    C.    **Tax Elections and Allocations.**  The Trustees may make all tax elections and allocations the Trustees may consider appropriate, including any election to treat this revocable trust as part of the Grantor's estate for income tax purposes, even though a Trustee may have an interest affected by the election, except where a Trustee is prohibited from participating in the election by another provision of this Trust Agreement; provided, however, this authority is exercisable only in a fiduciary capacity and may not be used to enlarge or shift any beneficial interest except as an incidental consequence of the discharge of fiduciary duties.  Tax elections and allocations made in good faith shall not require equitable adjustments.

    D.    **Determinations About Property.**  The Trustees may determine what property is covered by general descriptions contained in this Trust Agreement.

    E.    **Investment Responsibility.**  The Trustees may retain any property originally owned by the Grantor and invest and reinvest in all forms of real and personal property, whether inside or outside the United States, including, without limitation, common trust funds of a corporate Trustee, mutual funds, partnerships (including a partnership in which a Trustee is a partner) and other forms of joint investment (which may but need not be managed by, advised by or affiliated with a Trustee), without regard to any principle of law limiting delegation of investment responsibility by the Trustees.

    F.    **Borrowings.**  The Trustees may borrow from anyone, even if the lender is a Trustee under this Trust Agreement, and may pledge property as security for repayment of the funds borrowed, including the establishment of a margin account.  No Trustee shall be personally liable for any such loan, and such loan shall be payable only out of assets of the trust.

    G.    **Sale or Exchange of Property.**  The Trustees may sell real or personal property at public or private sale, for cash or upon credit, exchange such property for other property, lease such property for any period of time and give options of any duration for sales, exchanges or leases.  The Trustees may give such warranties or indemnifications as the Trustees may deem advisable.

    H.    **Participation in Mergers and Reorganizations.**  The Trustees may join in any merger, reorganization, voting-trust plan or other concerted action of security holders and delegate discretionary powers (including investment powers) in entering into the arrangement.

    I.    **Loans.**  The Trustees may make loans to, may buy property from, and generally shall have the power to make contracts with the Grantor or any person subject to any wealth transfer tax upon either of their deaths, regardless of the fact that one or more or all of the persons serving as Trustees hereunder are also serving as a selling or borrowing or otherwise contracting

Independent Executor or Trustee; provided that such loans shall be for adequate interest and shall be adequately secured, and such purchases shall be for the property's then fair market value.

   J. **Reliance Upon Advice.** The Trustees may employ, and rely upon advice given by, accountants, attorneys, investment bankers, and other expert advisors and employ agents, clerks and other employees and pay reasonable compensation to such advisors or employees in addition to fees otherwise payable to the Trustees, notwithstanding any rule of law otherwise prohibiting such dual compensation.

   K. **Binding Agreements.** The Trustee may enter into such binding agreements consistent with the purpose of this Trust (which agreements may provide for indemnification) including employing, retaining or otherwise securing, or entering into contracts, agreements and other undertakings with any financial advisors, attorneys and accountants, all on such terms and for such consideration as the Trustee deems commercially reasonable; provided, however, that any such contracts, agreements or other undertakings and transactions with the Trustee and the Grantor shall be on terms and for consideration which are arm's-length and fair to the parties consistent with the duties of the Trustee.

   L. **Exculpation.** No Trustee, officer, director, or Shareholder ("Covered Person") shall be liable to the Grantor, if Covered Person is not also Grantor, or the Trust for any act or failure to act on behalf of the Trust, unless such act or failure to act resulted from the gross negligence, fraud, reckless disregard, willful violation of law, material and willful violation of this Trust Agreement or intentional misconduct of the Covered Person. Each Covered Person may consult with counsel and accountants in respect of Trust affairs and shall be fully protected and justified in any action or inaction which is taken in accordance with the advice or opinion of such counsel or accountants.

   M. **Appointment of Agents.** The Trustee may appoint a President, Treasurer and Secretary whom shall perform such duties which are characteristic of that position as if the Trust were a corporation organized under the laws of the same state.  The terms and conditions of the positions shall be set forth by the Trustee.   The removal of a Trustee from any such position shall not affect his or her status as a Trustee.

   N. **Crypto Currency and Non-Fungible Tokens.** The Trustee has explicit authority to acquire and hold Crypto Currencies and non-fungible tokens in any amount and for any duration.

## ARTICLE V
## Beneficial Interests

   A. **Beneficial Interests.** The beneficial interest of this Trust may be referred to as stock.  The Trustee may sell or exchange shares for such sums or consideration, and on such terms as it deems appropriate for the Trust.  The shares shall be personal property and shall entitle owners of such shares to participate in all dividends and other distributions of income or principal in the proportion of the number of shares they hold to the number of shares issued and outstanding.

   B. **Certification.** The Trustee shall not be obligated to certificate any ownership interest in this trust.  Ownership shall be in any form the Trustee deems appropriate.

C. **Transfer of Shares.** All shares of the Trust, if any, shall be in writing and transferable by an appropriate instrument only. The person whose name appears as the owner of such shares in the books of the Trust shall be deemed absolute owner of such shares and until the existing certificates of shares, if any, are surrendered and transfer is recorded, the Trustee shall not be affected by any notice. Any person acquiring shares through the result of bankruptcy or death of a Shareholder shall receive a new certificate for the share(s) to be recorded in the Trust's books. Until evidence is produced and the existing certificate produced to the Trustee, the Trustee shall not be affected by any other notice of the change of title. In the event of the death of one of the Shareholders, the Shareholder's heirs, legatees or legal representatives shall succeed to his or her rights.

D. **Restrictions on Distributions.** The Trustee is prohibited from making any distributions to the Shareholders until all debt obligations of the Trust have been satisfied. No distribution shall be made if such distribution would violate any contract or agreement to which the Trust is then a party or any law or to the extent that the Trustee, upon the advice of counsel, determine that any amount otherwise distributable should be retained by the Trust to pay, or to establish a reserve for the payment of, any liability or obligation of the Trust, whether liquidated, fixed, contingent or otherwise.

## ARTICLE VI
## Duration And Termination

A. **Duration of the Trust.** This Trust shall be perpetual in nature and shall continue until terminated by the death or dissolution of the Grantor, Trustee, and Shareholders.

B. **Termination of the Trust.** On the termination of this Trust by any cause, the Trustee shall liquidate the Trust estate, wind up the affairs of the Trust, and dispose of its property and assets at public or private sales, and, after discharging all legal obligations of the Trust, shall distribute the proceeds among the Shareholders in proportion to their interest.

## ARTICLE VII
## Miscellaneous

A. **General.** This Trust Agreement may be executed, through the use of separate signature pages or in any number of counterparts with the same effect as if the parties executing such counterparts had all executed one counterpart.

B. **Amendments to this Trust Agreement.** The terms and provisions of this Trust Agreement may be modified or amended at any time and from time to time with the written consent of the Grantor and Trustee, insofar as is consistent with the laws governing this Trust Agreement. Notwithstanding anything contained herein to the contrary, no distribution from, or amendment to this Trust Agreement may be made without consent of Jonathan Schnapp, as long as the Trust is indebted to such person(s).

C. **Headings.** The titles to the Articles and headings of the Sections of this Trust Agreement are for convenience of reference only, and are not to be considered in constructing the terms and provisions of this Trust Agreement.

      **D.**    **Construction and Interpretation.**  This of Trust constitutes the entire agreement among the parties hereof with respect to the subject matter hereof. This Trust Agreement supersedes any prior agreements or understanding among the parties and may not be modified or amended in any manner other than as set forth herein. If any question should arise with respect to the operation of the Trust, which is not specifically provided for in this Trust Agreement, with respect to the interpretation of this Trust Agreement, the Trustee is hereby authorized to make a final determination with respect to any such question and to interpret this Trust Agreement in such a manner as it shall deem fair and equitable, and its determination and interpretations, so made, shall be final and binding on all parties. Whenever possible, the provisions of this Trust Agreement shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Trust Agreement shall be unenforceable or invalid under said applicable law, such provision shall be ineffective only to the extent of such unenforceability or invalidity, and the remaining provisions of this Trust Agreement shall continue to be binding and in full force and effect.

      IN WITNESS WHEREOF, the parties have executed this instrument as of the date first above written.

LAC Services I, Inc.

By:   *jonathan bander*
      Name: Jonathan Bander
      Its President

EXHIBIT A
BENEFICIARIES

| Name | % of Shares |
|---|---|
| LAC Services I, Inc. | 100% |

Audit of 'Business Trust.pdf'

---



This document is a  FINALIZED  sign request

| | |
|---|---|
| From | Douglas Stein <dstein@steinlawllc.com> |
| File Owner | Stein Law LLC |
| Initialized | Feb 18, 2025 @ 8:56 AM EST  ✓ 832873ed |
| Finalized | Feb 18, 2025 @ 9:28 AM EST  ✓ 1f4637c4 |
| Unique Url | https://dochub.com/stein-law-llc/YpDBonNVr3xqjOnwMX93r7/business-trust-pdf |
| Page Count | 7 |

## Signers

**J**  **jon@experitycpa.com**  FINALIZED
Signer - jon-rv9e0w

✓ Verified IP  44.196.5.47, 69.113.233.135   ✓ Verified consent to Esign

Document "after" snapshot:  Feb 18, 2025 @ 9:28 AM EST  ✓ 1f4637c4

### Assigned Fields

| Value | Type | Req. | Page # | Updated |
|---|---|---|---|---|
|  *jonathan barder* | Signature Field | 🔒 | 6 | Feb 18, 2025 @ 9:28 AM EST |

## Event History

**Feb 18, 2025**

| | | |
|---|---|---|
| 8:56 AM | ➕ Document created | dstein@steinlawllc.com created the document |
| 8:56 AM | 📝 Modified | dstein@steinlawllc.com modified the document<br>IP 24.99.101.181, Chrome 132, Windows 10.0 |
| 8:56 AM | 📄 Sign request created | dstein@steinlawllc.com initialized a sign request with the document<br>Verified snapshot ✓ 832873ed<br>IP 24.99.101.181, Chrome 132, Windows 10.0 |
| 8:56 AM | ✉️ Email sent | jon@experitycpa.com was notified by email<br>Email Delivery Status:  DELIVERED |

| | | |
|---|---|---|
| 9:24 AM | ✉ Email read | jon@experitycpa.com opened the notification email |
| 9:27 AM | 👁 Viewed | jon@experitycpa.com viewed the document<br>IP 44.196.5.47, Microsoft Edge 133, Windows 10.0 |
| 9:28 AM | ☑ Consented to esign | jon@experitycpa.com consented to esign<br>IP 69.113.233.135, Microsoft Edge 133, Windows 10.0 |
| 9:28 AM | ✎ Modified | jon@experitycpa.com modified the document<br>IP 69.113.233.135, Microsoft Edge 133, Windows 10.0 |
| 9:28 AM | 🏁 Sign request finalized | jon@experitycpa.com finalized the sign request for the document<br>Verified snapshot ✓ 1f4637c4 |