# Exhibit K

**KI | KIRK & INGRAM, LLP**

KIRK & INGRAM LLP
43 West 43rd St., Suite 279
New York, NY 10036-7424

David E. Kirk
dkirk@kirkingram.com
+1 (212) 859-3504

March 13, 2025

**VIA EMAIL**

Michael J. Keane
Garfunkel Wild, P.C.
111 Great Neck Rd.
Great Neck, NY 11021
mkeane@garfunkelwild.com

   Re:  *Biscuits and Tangs, LLC*

Dear Mr. Keane:

  We write on behalf of Ashley Albert, Manager and Member of Biscuits and Tangs, LLC (the "Company") to notify your client, Jonathan Schnapp, of his removal as a Manager of the Company, effective immediately, and other matters pertaining to the transfer of his Interest in the Company to a third party and his default under the Operating Agreement due to his failure to transfer his Interest to Ms. Albert on March 12, 2025.

  **I.** **Mr. Schnapp's Removal as Manager**

  Yesterday afternoon, hours before the Closing should have occurred, we first learned that Mr. Schnapp had sold his entire Interest in the Company to the Schnapp Family Business Trust several weeks earlier, on February 18, 2025. Mr. Schnapp provided documentation concerning that transfer this morning. *See* Membership Interest Purchase Agreement dated February 18, 2025, § 1.1 ("Seller hereby irrevocably agrees to sell all of the Membership Interest to Buyer . . . ."). As a result of that sale, Mr. Schnapp divested his entire Membership Interest and ceased to be a Member of the Company. Furthermore, upon the February 18 transfer, Mr. Schnapp's former Interest in the Company ceased to carry any voting rights. *See* Biscuits and Tangs Operating Agreement § 9.1(b).

  Pursuant to Section 6.11 of the Operating Agreement and Ms. Albert's authority as a Manager, Member, and Managing Member, Ms. Albert hereby removes Mr. Schnapp from his position as a Manager of the Company, effective immediately. She has today executed a consent to that effect. Mr. Schnapp's removal is for Cause, on the basis of his ceasing to be a Member of

**KI** | **KIRK & INGRAM, LLP**

Michael J. Keane
March 13, 2025

the Company as of February 18, 2025. *See* Operating Agreement § 6.11 ("'Cause' means . . . (iii) a Manager ceasing to be a Member."). Effective immediately, Mr. Schnapp no longer has any authority as a Member or Manager, and any further acts he purportedly takes with respect to the Company are unauthorized, *ultra vires* actions taken in his personal capacity. Any further attempts by Mr. Schnapp to represent or act on behalf of the Company or in a capacity as a Manager or Member shall be considered fraudulent.

## II.     Mr. Schnapp's Violations of the Non-Disparagement Provision

As noted above, Mr. Schnapp ceased to be a Member of the Company when he sold the entirety of his Membership Interest on February 18, 2025. From that date onward, Mr. Schnapp was "no longer a Member of the Company," Operating Agreement § 6.11(c), and as such became bound by the following obligation under the Operating Agreement:

> [Mr. Schnapp] shall not, whether in writing or orally, criticize, denigrate or disparage the Company, any Subsidiary or the other Manager with respect to any of the Company's, the Subsidiary's or such Manager's past or present activities, or otherwise publish, whether written or orally, statements that tend to portray the Company, its Subsidiaries or the other Manager in an unfavorable light, or which could affect adversely the conduct of the Company's or its Subsidiaries' business or its reputation or the conduct of business or the business or reputation of any of the Company's parents, subsidiaries or affiliates.

Operating Agreement § 6.11. This obligation is continuing, and it arises again today, as Mr. Schnapp was "removed pursuant to this Paragraph [6.11]." *See* Operating Agreement § 6.11(a).

Over the past several weeks, Mr. Schnapp has repeatedly denigrated the Company, its Subsidiaries, and Ms. Albert as a Manager and owner of the business, in violation of his obligations under Section 6.11. Ms. Albert reserves all rights to seek legal remedies against Mr. Schnapp for these damaging, unwarranted violations. Ms. Albert demands that Mr. Schnapp immediately cease and desist from all written or verbal conduct in violation of Section 6.11.

## III.     Mr. Schnapp's Default under the Buy/Sell Provision

As set forth in my emails yesterday, Mr. Schnapp defaulted on his obligation to complete the Buy/Sell transaction as of the Buy/Sell Closing Date, March 12. Mr. Schnapp's failure to provide wire instructions for Ms. Albert to wire the remaining purchase price, his failure to execute an assignment of his total Interest in the Company, and his previously undisclosed transaction with a Trust entity, constituted a Failure to Close pursuant to Section 6.5(e) of the Operating Agreement.

KIRK & INGRAM, LLP

Michael J. Keane
March 13, 2025

Mr. Schnapp is now a Defaulting Member pursuant to that Section. As the Nondefaulting Member, Ms. Albert is now entitled to rights and remedies, including but not limited to specific performance of Mr. Schnapp's obligation to execute an assignment of his total Interest in the Company, and reimbursement of Ms. Albert's attorneys' fees.

Your contentions in your email from earlier today that Ms. Albert is in default under the Operating Agreement are entirely without merit and are rejected for, among other things, the reasons set forth in our prior correspondence. In addition, we note that mere days ago, Mr. Schnapp insisted on taking possession of Ms. Albert's $140,000 deposit, thereby conceding the validity of her acceptance under the Buy/Sell provision and his obligation to complete the Buy/Sell transaction, which he then failed to do. *See* Email from D. Kirk to M. Keane Jr. dated March 7, 2025, 6:07pm.

### IV.     Mr. Schnapp's Transfer of Company Accounts and Property

As explained above, Mr. Schnapp is no longer a Manager or Member of the Company. Furthermore, as of March 12, Mr. Schnapp is in default of his obligation to facilitate the transfer of his former Interest in the Company to Ms. Albert via an executed assignment of his total Interest, pursuant to the Buy/Sell provision. *See* Operating Agreement § 6.5(d)(3). Mr. Schnapp is obligated to effectuate that assignment, and he will be doing so, whether by mutual agreement or by Court order.

In light of the fact that Mr. Schnapp is no longer a Manager or Member and that he remains obligated to effectuate the transfer of his total former Interest to Ms. Albert, there is no basis for Mr. Schnapp to maintain control or access to any accounts, credentials, files, or other property associated with the operation of the Company and its subsidiaries. Ms. Albert hereby demands that Mr. Schnapp immediately relinquish all such items to her, provide her with full access and administrative control of such items, and facilitate the transition of all such items to her. We request your confirmation that Mr. Schnapp will do so by the end of the day.

Should Mr. Schnapp refuse to transfer control or should he continue to use such Company property, all such use will be considered unauthorized access to Company property by a non-Manager acting in his personal capacity. Ms. Albert reserves all rights to pursue appropriate legal recourse and/or charges should Mr. Schnapp unlawfully maintain possession of, access, or use any such Company or Subsidiary property or accounts.

We ask that Mr. Schnapp prioritize the transition of the list of items below. This list is not exhaustive, and Mr. Schnapp should also transition, and refrain from using, any other Company accounts or property not listed here. We reserve the right to supplement this list. We are willing

KI | KIRK & INGRAM, LLP

Michael J. Keane
March 13, 2025

to discuss the most efficient way to facilitate transitioning control of these and other accounts to minimize business disruption.

- admin@royalpalmsbrooklyn.com
- admin@royalpalmsshuffle.com
- jonathan@royalpalmsshuffle.com
- jonathan@royalpalmschicago.com
- jonathan@royalpalmsbrooklyn.com
- info@royalpalmsbrooklyn.com
- info@royalpalmsshuffle.com
- info@royalpalmschicago.com
- Administrative access to the Company's Google drive
- All Company shuffleboard images and ephemera not contained on the Company's Google drive

### V.   Mr. Schnapp's Ongoing Preservation Obligations

Finally, we remind you of your and Mr. Schnapp's ongoing evidence preservation obligations, which have been in effect for several months, and which we wrote to you about in our letter dated February 9, 2025. Mr. Schnapp and his agents remain obligated to preserve all potentially relevant documents, communications, and other evidence, including without limitation all emails, text messages, and other forms of communication concerning, without limitation, the Company, the Company or its subsidiaries' business and finances, Mr. Schnapp's or Ms. Albert's management of the Company or actions relating to the Company, all agreements, distributions, transfers of assets, or other arrangements for value relating to the Company or its subsidiaries, the Buy/Sell offer and resulting agreement to sell Mr. Schnapp's interests, any plans or potential plans to acquire or dispose of any Interest in the Company or its subsidiaries, and all other matters potentially relevant to the dispute, whether communicated using business or personal accounts and whether created for business or personal purposes.

Insofar as any potentially relevant evidence exists on accounts owned by or associated with the Company, including without limitation any email address with a @royalpalmsshuffle, @royalpalmsbrooklyn, or @royalpalmschicago domain, and any information on the Company or its subsidiaries' Google drive accounts or similar share drives or network drives, all such evidence must be preserved in its entirety as the transition of accounts takes place. Furthermore, Ms. Albert, as sole Manager, expressly demands that all Company data, including all data relating to any of the aforementioned accounts, be preserved and not deleted, regardless of content or subject matter. Mr. Schnapp is on notice that this and all other Company property must be maintained and

KIRK & INGRAM, LLP

Michael J. Keane
March 13, 2025

preserved as it is transitioned to Ms. Albert's control.  Mr. Schnapp is no longer a Manager and has no authority to destroy Company property or data, and Ms. Albert reserves the right to pursue remedies under civil and criminal law should Mr. Schnapp engage in the unauthorized destruction of any Company data.

    Ms. Albert reserves all rights and waives none.

                                    Sincerely,

                                    David E. Kirk

cc:    Michael Fahner, Esq.
       Michael J. Keane, Jr., Esq.
       Weston Harty, Esq.