

David E. Kirk
KIRK & INGRAM LLP
43 West 43rd St., Suite 279
New York, NY 10036-7424
dkirk@kirkingram.com
+1 (212) 859-3504

July 18, 2025

**VIA ECF**

The Honorable Frederic Block
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>*Ashley Albert v. Jonathan Schnapp* et al., C.A. No. 1:25-cv-3013</u>

Dear Judge Block:

      We represent Plaintiff and Counterclaim-Defendant Ashley Albert in the above-referenced action and write pursuant to Rule 2(A) of the Court's Individual Motion Practices and Rules to respond to Defendant Jonathan Schnapp's request for a pre-motion conference in anticipation of his motion for preliminary injunction. Ms. Albert joins Mr. Schnapp's request for a pre-motion conference in anticipation of her own related motion for a preliminary injunction.

      **I.**    <u>**Background**</u>

      This litigation arises out of Mr. Schnapp's failure to make good on his promise to sell his Interest in Biscuits & Tangs, LLC (the "Company") to Ms. Albert on the terms set forth in the Company's Operating Agreement. *See* Compl. Ex. A (Dkt. 1-3). In December 2024, Mr. Schnapp invoked a provision in the Operating Agreement (the "Buy/Sell Provision") through which he offered either to purchase Ms. Albert's half of the Company for $1.4 million—a price set by Mr. Schnapp—or to sell his half of the Company to her for that same price. To Mr. Schnapp's surprise and disappointment, Ms. Albert chose to buy his half.

      Since then, Mr. Schnapp has continuously sought to thwart the agreed-upon sale of his half of the Company or, failing that, to siphon as much value as he can before he is ordered to complete the sale. Despite inaccurately claiming that he should be the Buyer, Mr. Schnapp hedged his bets by unilaterally transferring huge amounts of cash out of the Company and its subsidiaries, including distributing $375,000 to himself as an unwarranted payday *after* he set the sale price. Mr. Schnapp did not so much as consult Ms. Albert, the Company's co-Manager and future sole owner, even though the distributions left the Company strapped for cash.

      After extracting most of the Company's cash, Mr. Schnapp became generally uninvolved with the business, leaving management to Ms. Albert. Mr. Schnapp eventually agreed to be removed from Company systems pending the completion of the sale.

Despite Mr. Schnapp's unwarranted extraction of value from the Company and a series of unreasonable demands, Ms. Albert wanted to complete the transaction without litigation. But on March 12, 2025, the Closing date set by Ms. Albert, Mr. Schnapp revealed that, several weeks earlier, he had covertly transferred his entire interest in the Company to a trust managed by defendant LAC Services I, Inc. (the "Trust") in exchange for a $1.1 million promissory note. He also made the outrageous demand that Ms. Albert release him from all potential claims concerning the aforementioned extraordinary transfers of Company assets. Having belatedly disclosed that he had sold his entire stake to the Trust, and while demanding increasingly unreasonable extra-contractual accommodations, Mr. Schnapp was either unwilling or unable to complete the transaction at Closing and defaulted on his obligations under the Operating Agreement.

Mr. Schnapp's last-minute revelation that he had fully divested his interest in the Company had important consequences. Upon transferring his total membership interest, Mr. Schnapp ceased to be a Member of the Company. In light of that development, along with Mr. Schnapp's default at Closing and his lack of involvement in the business, Ms. Albert duly removed Mr. Schnapp as a Manager pursuant to the Operating Agreement on March 13, 2025. *See* Compl. Ex. A § 6.11 (Dkt. 1-3 at 15) (allowing removal due to "a Manager ceasing to be a Member"). She informed Mr. Schnapp of his removal that same day.

Despite Mr. Schnapp's default, Ms. Albert continued her efforts to complete the transaction without litigation. Mr. Schnapp continued to obstruct the transaction by piling on still more unjustified demands, eventually forcing Ms. Albert to file this action, in which she seeks an order directing Mr. Schnapp and the Trust to complete the sale on the terms set out in the Operating Agreement. While this litigation proceeds, it is vital to Ms. Albert's interests and the health of the Company that she continue managing the business without Mr. Schnapp's interference.

## II. Mr. Schnapp's Motion for a Preliminary Injunction

Hoping to extract commercial leverage by jeopardizing a business that he may soon be ordered to sell, Mr. Schnapp seeks a preliminary injunction to prevent Ms. Albert from making certain management decisions without his consent. His request is futile under the plain language of the Operating Agreement and Trust documentation. Those documents make clear that Mr. Schnapp transferred his entire membership interest to the Trust, that he does not control the Trust, that his attempt to transfer his former interest back to himself was void, and that, in all scenarios, he was properly and irrevocably removed as a Manager.

Mr. Schnapp's claim that his transfer was permitted by the Operating Agreement is beside the point. Although Members are permitted to make transfers to trusts for estate planning purposes, the question is not whether he was permitted to make that transfer, but the consequences of that transfer. The consequence of transferring his *entire* membership interest is that Mr. Schnapp is no longer entitled to serve as a Manager or interfere with Ms. Albert's management of the business.

Mr. Schnapp's request for a preliminary injunction should be denied for several additional reasons, including (i) that the decisions he purports to challenge are not Major Decisions under the Operating Agreement; (ii) Mr. Schnapp's unclean hands in routinely making Major Decisions over the past several years without seeking Ms. Albert's consent; and (iii) the fact that, but for Mr. Schnapp's default on his obligation to complete the Buy/Sell transaction, Ms. Albert would own the entirety of the Company and indisputably be permitted to manage it without his input. On those facts, the equities strongly disfavor granting Mr. Schnapp any injunctive relief. *See Estate of Lennon v. Screen Creations, Ltd.*, 939 F. Supp. 287, 294 (S.D.N.Y. 1996).

### III. Ms. Albert's Motion for a Preliminary Injunction

Ms. Albert seeks a preliminary injunction to halt the ongoing irreparable harm caused by Mr. Schnapp's inaccurate insistence that he remains a Manager of the Company. By falsely holding himself out as a Manager, purporting to act in that capacity without authorization, and interfering with Ms. Albert's management of the Company, Mr. Schnapp's conduct creates ongoing irreparable harm to Ms. Albert. For example, Mr. Schnapp has continued to direct the subsidiaries' bookkeeper to provide Mr. Schnapp with confidential management information by purporting to retain the role of Manager. His baseless threats regarding purported "Major Decisions" have also caused confusion and interfered with Ms. Albert's rights as a Manager.

Moreover, upon divesting his total Interest, and again upon being removed as a Manager, Mr. Schnapp became bound by non-disparagement provisions that prohibit him from portraying the Company, its subsidiaries, or any Manager in an unfavorable light. *See* Operating Agreement § 6.11(a), (c). Mr. Schnapp has violated and will continue to violate that provision by denigrating Ms. Albert's management activities as well as the Company's prospects, thereby creating ongoing "irreparable harm through loss of reputation, good will, and business opportunities." *See Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004).

Absent equitable relief, Ms. Albert will be irreparably harmed by Mr. Schnapp's ongoing misconduct. Accordingly, Ms. Albert intends to move for a preliminary injunction that: (i) declares Mr. Schnapp's removal as a Manager to be valid and Ms. Albert to be the sole Manager of the Company; (ii) enjoins Mr. Schnapp from acting as or holding himself out as a Manager or interfering with Ms. Albert's actions as sole Manager; (iii) enjoins Mr. Schnapp from attempting to access Company systems, communications, or data; and (iv) enjoins Mr. Schnapp from making disparaging remarks in violation of Section 6.11 of the Operating Agreement.

Ms. Albert respectfully requests that the Court schedule a pre-motion conference and permit an expedited briefing schedule calling for simultaneous briefing of the parties' motions for preliminary injunction.

Respectfully submitted,

/s/  David E. Kirk

**KIRK & INGRAM, LLP**
David E. Kirk
43 West 43rd Street, Suite 279
New York, NY 10036
Telephone: (212) 859-3504
DKirk@kirkingram.com

*Counsel for Plaintiff Ashley Albert*

cc:  Counsel of record via ECF